# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,             :        Case No. 1:08-cr-069-1

                                        Chief Judge Susan J. Dlott
     -vs-                          Magistrate Judge Michael R. Merz

                              :

CLARENCE NELSON,

        Defendant.

---

# ORDER

---

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 78). The Motion was referred to Magistrate Judge Michael R. Merz (Doc. No. 80). After the pleadings were complete, he conducted an evidentiary hearing, testimony from which has been transcribed (Doc. Nos. 91, 92). The Magistrate Judge filed a Report and Recommendations (Doc. No. 99) and a Supplemental Report and Recommendations (Doc. No. 102) after considering Defendant's Objections (Doc. No. 101).

As required by Fed. R. Civ. P. 72(b)(3), the District Judge has conducted a thorough de novo review of that portion of the Magistrate Judge's Report and Supplemental Report to which objection has been made, noting that Objections to the first Report (Doc. No. 101) were filed by counsel, but that Objections to the Supplemental Report (Doc. No. 104) were filed by Defendant after he was again proceeding *pro se*.

The Magistrate Judge's recommendation on Ground One was dependent on his assessment of the credibility of the witnesses who testified at the evidentiary hearing. Credibility assessments of live witnesses by a Magistrate Judge are reviewed under a clearly erroneous

1

standard. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Having reviewed the Magistrate Judge's findings on that basis, the Court concludes that they are not clearly erroneous and that his legal conclusions based on those findings, reviewed *de novo*, are correct. The first Ground for Relief is therefore denied on the merits.

In his original Report, the Magistrate Judge recommended that Grounds Two, Three, and Four be denied on the merits (Report, Doc. No. 99, PageID 402). In his Supplemental Report, the Magistrate Judge noted that no objections had been made to this portion of the Report (Doc. No. 102, PageID 411.) In his *pro se* Objections to the Supplemental Report, Defendant asserts that "Nelson did object to the initial Report regarding the other Grounds" (Doc. No. 104, PageID 419-420). He gives no docket references to any such objections and the Court has again reviewed the Objections made to the initial Report and finds no objections were made to the recommendation to dismiss Grounds Two, Three, and Four. While Defendant strongly asserts his diligence and objects to any conclusion that he has waived objections (Doc. No. 104, PageID 420), he has not preserved objections on Grounds Two, Three, and Four by objecting on Ground One. Making some objections but failing to raise others will not preserve all objections a party might have had. Only specific objections are preserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987). The district court need not provide *de novo* review where objections to a magistrate judge's report and recommendations are frivolous, conclusive, or general. Parties have a duty to pinpoint portions of the report that the Court should consider. *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). If a party files a general objection and incorporates other papers by reference and that approach undermines the purposes of the Magistrate's Act, that party will have waived the right to appeal. *Neuman v. Rivers* , 125 F.3d 315 (6th Cir. 1997). The Court concludes Defendant has waived any objections to the Magistrate

Judge's recommendation on Grounds Two, Three, and Four.   Therefore that recommendation is adopted and Grounds Two, Three, and Four are dismissed with prejudice.

In the Supplemental Report, the Magistrate Judge recommended that a certificate of appealability be issued on Ground One.   The United States made no objection to that recommendation and it is adopted.

Accordingly, Grounds One, Two, Three, and Four are dismissed with prejudice and the Clerk will enter judgment accordingly.   Defendant is granted a certificate of appealability on Ground One, but denied any such certificate on Ground Two, Three, or Four because reasonable jurists would not disagree with this Court's conclusion on those Grounds for Relief.   Defendant may appeal *in forma pauperis*.

IT IS SO ORDERED.

Susan J. Dlott, Chief Judge
United States District Court